IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CORY SIMPSON,

       Plaintiff,

v.                           Case No. 2:08-cv-00061

JUDGE CHARLES E. KING, JR.,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This plaintiff, Cory Simpson, has filed a complaint in this court, in which he seeks "to be released with charges dismissed with prejudice," plus an award of $800,000 for violation of his civil rights. (Complaint, docket # 1, at 5.) The defendant is a Kanawha County Circuit Judge who signed a "bail piece form" in a case in which Plaintiff is accused of committing a crime. This case is one of several filed by Plaintiff against various State judicial officers.

If Plaintiff is asserting that he is entitled to money damages because he was wrongfully convicted, such an allegation fails to state a claim upon which relief can be granted. Unless and until a plaintiff proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid, he cannot bring an action for violation of his civil rights. See Heck v. Humphrey, 512 U.S. 477 (1994)(§ 1983 plaintiff

must prove that conviction or sentence has been reversed, expunged, or declared invalid in order to recover damages for unconstitutional imprisonment).   Plaintiff has not met this threshold standard.

The defendant is a judicial officer who was engaged in his official duties in connection with Plaintiff's case.  It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly.   Pierson v. Ray, 386 U.S. 547, 554 (1967).

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants.  His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights.  The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

Id.  Due to the clear and unequivocal application of absolute judicial immunity, this action should be dismissed.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted, and is barred by absolute judicial immunity.

It is respectfully **RECOMMENDED** that Plaintiff's Application to

Proceed without Prepayment of Fees and Costs (# 4) be denied, and that this action be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party, Judge Faber, and this Magistrate Judge.

3

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

February 3, 2009
Date

Mary E. Stanley
United States Magistrate Judge

4